**KREGLINGER & FERNAU (NEW ZEALAND) Ltd.,**

v.

**CHARLES J. WEBB SONS CO., Inc.**

**Nos. 12446, 12447.**

United States Court of Appeals Third Circuit.

Argued May 16, 1958.

Decided May 27, 1958.

Rehearing Denied in No. 12447 July 11, 1958.

Herbert G. Schick, Philadelphia, Pa., (Robert N. Ferrer, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., on the brief), for Kreglinger & Fernau (New Zealand) Ltd.

J. Wesley McWilliams (Robert F. Blanck, McWilliams, Wagoner & Troutman, Philadelphia, Pa., on the brief), for Charles J. Webb Sons Co.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

This contract action was tried to the court. Both sides appeal; the defendant on the merits, the plaintiff as to damages. We think the district court judgment is right in both instances.

The merchandise involved is New Zealand wool. The vital term of the contract is "Shipment prompt". The holding of Chief Judge Kirkpatrick to the effect that the shipment was within the contract is revealed by the record to be based on a thorough knowledge of the evidence and its implications and to be justified thereunder.

On the damage problem, plaintiff seller urges that the property in the wool had passed to the buyer therefore that it is entitled to the price of the wool under the Uniform Sales Act then in effect in Pennsylvania (the contract state) 69 P.S. § 292. Actually, as the trial court found, the defendant had refused in writing to accept the wool for delivery on board vessel and had continued to maintain that position. Plaintiff, before us, argued very closely that the notification was an anticipatory breach which it chose to ignore but we are satisfied from the record that the district court properly concluded title had not passed. Nor do we consider that the facts called for the court to hold plaintiff was entitled to treat the wool as defendant's property and resell it at such time as it might choose. Finally, the record strongly supports the trial court's conclusion that the attitude of the parties had reached finality by July 10, 1951 at

which time plaintiff should have sold the wool instead of delaying until the following October when the market had become further depressed.

The judgment of the district court will be affirmed.